UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **YOLANDA NEYLAND-JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-13167** |
| **LIBERTY MUTUAL PERSONAL INS. CO., ET AL** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 6) is **GRANTED** and this matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

### BACKGROUND

This matter is before the court on plaintiff's motion to remand. Plaintiff argues that this matter should be remanded to the Civil District Court for the Parish of Orleans, because the Notice of Removal was untimely filed. Defendant, State Farm Insurance Company ("State Farm") argues that the Notice of Removal was timely filed within 30 days of its receipt of "other paper" from which it could first determine that the amount in controversy was met.

On December 27, 2018, plaintiff filed suit in state court in Orleans Parish seeking damages for injuries sustained as the result of an automobile accident. Plaintiff alleges that she suffered damages when she was riding as a passenger in a vehicle that was rear-ended at the intersection of South Claiborne and South Carrollton Avenues on January 15, 2017. The driver who caused the collision fled the crash scene. On the date in question, the driver of the vehicle in

which plaintiff was riding had an uninsured motorist policy issued by defendant Liberty Personal Insurance Company ("Liberty"), and plaintiff had an uninsured motorist issued by State Farm.

With respect to damages, plaintiff alleges that as "a result of the crash, plaintiff, Yolanda Neyland-Jones, was injured." Petition, ¶ IX. Plaintiff further alleges that as a result of the crash, she "is entitled to be compensated for her general damages and special damages as defined by Louisiana law." Id. at ¶ X.

State Farm was served with a citation and a copy of the original petition for damages through the Secretary of State on January 23, 2019. According to State Farm, it could not connect the plaintiff with its policy because the original petition did not identify the policy by number, misidentified the covered vehicle, and the caption referenced Yolanda Neyland-Jones and its files list plaintiff as Yolanda Jones. On February 15, 2019, plaintiff's counsel contacted State Farm to obtain a claim number. On the same date, plaintiff, through counsel, sent a certified uninsured motorist demand letter to State Farm's claim representative, which included the claim number associated with the instant claim and suit, and which was received by State Farm on February 19, 2019. The demand letter included a list of all medical records, a list of all medical bills, a summary of the injuries and treatment, and a quantum study to support plaintiff's claim in the amount of $1,458,639.00, and demanded tender of policy limits in the amount of $250,000.00. State Farm filed an answer on March 27, 2019.

On October 17, 2019, State Farm removed the action to the United States District Court for the Eastern District of Louisiana. The Notice of Removal stated that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 because the plaintiff and defendant are

2

citizens of different states and there is more than $75,000 in controversy.[1] It is uncontested that there is diversity of citizenship. Plaintiff is a citizen of Louisiana, and State Farm is a foreign corporation incorporated in the State of Illinois with its principal place of business in Illinois.

Plaintiff contends that remand is appropriate because Notice of Removal was filed more than 30 days after State Farm learned of the amount in controversy, which occurred on February 19, 2019, when it received the demand letter. State Farm counters that it did not receive adequate notice of the amount in controversy until September 17, 2019, when plaintiff responded to discovery requests from State Farm, which State Farm contends was its first notice of the true amount in controversy.

**DISCUSSION**

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The federal district courts have original subject matter jurisdiction based on diversity of citizenship when the cause of action is between "citizens of different States" and the amount in controversy exceeds the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). "Any ambiguities are construed

---

[1] Defendant Liberty Personal Insurance Company was dismissed on May 23, 2019 pursuant to a settlement entered into on April 14, 2019.

3

against removal and in favor of remand to state court[,]" and "[t]he party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 398 (5th Cir. 2013) (citations omitted).

The time limits for removal are set forth in 28 U.S.C. § 1446(b). Subsection 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

This 30-day time limit for removal "is triggered 'only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" Mumfrey, 719 F.3d at 399 (quoting Bosky v. Kroger Tex., LP, 288 F.3d 208, 210 (5th Cir. 2002)).

In cases where the time limit set forth in § 1446(b)(1) is not triggered, the action may become removable under § 1446(b)(3), which provides:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

In this case, the 30-day time limit for removal set forth in § 1446(b)(1) was not triggered by the filing of the petition because the original petition does not affirmatively reveal on its face that plaintiff is seeking more than $75,000 in damages. The allegations regarding her damages state that as "a result of the crash, plaintiff, Yolanda Neyland-Jones, was injured," and that as a

4

result fo the crash, she "is entitled to be compensated for her general damages and special damages as defined by Louisiana law." Petition, ¶¶ IX & X. There is nothing in the complaint that affirmatively reveals that these damages would exceed $75,000. Thus, the issue is when the defendant was first able to ascertain the case was one which is or has become removable.

Defendant argues that it did not receive "other paper" as contemplated by § 1446(b)(3) until it received discovery responses. It alleges that the demand letter received on February 19, 2019 does not count as "other paper" because the demand letter was a sham, requesting over a million dollars in damages despite plaintiff's pre-existing injuries and ongoing pain and treatment due to two prior accidents, as well as the fact that she waited two years to report her claim to State Farm, and that at the time the demand letter was sent, plaintiff had incurred only $23,639.00 in medical bills.

Section 1446(b)(3) allows a defendant to remove an action within 30 days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In <u>Addo v. Globe Life and Accident Insurance Co.</u>, the Fifth Circuit held "that a post-complaint [demand] letter, which is not plainly a sham, may be 'other paper' under § 1446(b)." 230 F.3d 759, 762 (5th Cir. 2000) (footnote omitted).

In the present case, the court finds that the demand letter received on February 19, 2019 constituted "other paper" for purposes of § 1446(b)(3). While it is true that it recited medical bills of less than $25,000.00, it also recited that a right shoulder surgery was recommended at a cost of $30,000.00, and assumed that the left shoulder would cost the same. The letter also

reflected that a three-level cervical fusion estimated to cost $125,000.00 was recommended. While ultimately a jury may have found causation was lacking to link these damages to the injuries caused by the subject accident, that does not mean that the demand letter was a sham. To the contrary, the letter included detailed medical records and a quantum study of factually similar cases. Upon receipt of the demand letter on February 19, 2019, State Farm should have been aware that at least $75,000.00 was in controversy. Despite its initial confusion about the identification of plaintiff and her policy, as of that date it had assigned a claim number to plaintiff, and the demand letter linked that claim number to the Civil District Court suit which had been served on defendant on January 23, 2019.[2] Accordingly, it was required to remove this matter within 30 days of February 19, 2019, but did not do so until October 27, 2019. Thus, the notice of removal was untimely, and accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 6) is **GRANTED** and this matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 10th day of December, 2019.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[2] See Rec. Doc. 6-4, identifying plaintiff Yolanda Neyland-Jones by claim number and Civil District Court civil action number.